WO    SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin S. Killingbeck, | No. CV 21-08031-PCT-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Arizona Department of Corrections, Rehabilitation & Reentry, et al., | |
| Defendants. | |

On February 12, 2021, Plaintiff Justin S. Killingbeck, who is confined in the Arizona State Prison in Kingman, Arizona, filed through counsel a civil Complaint and paid the filing and administrative fees.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-

TERMPSREF

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

**II.   Complaint**

In his four-count Complaint, Plaintiff alleges one count under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights and three state law negligence claims. Plaintiff names the Arizona Department of Corrections, Rehabilitation & Reentry (ADC) as a Defendant. Plaintiff also sues David Shinn, the ADC Director, as a Defendant. In addition, Plaintiff sues the Geo Group (GEO); Arizona Advanced Surgery, LLC d/b/a Colon and Rectal Center of Arizona (CRCA); Dr. Tafadzwa P. Makarawo; VHS of Arrowhead Incorporated d/b/a Abrazo Arrowhead Campus (VHS); John Does 1-X; Jane Does 1-V[1]; ABC corporations 1-X; XYZ Partnerships I-X; and ABC Limited Liability Companies I-X. Plaintiff seeks compensatory and punitive relief.

Plaintiff generally alleges that ADC, Shinn, and GEO operate the Arizona State Prison (ASP). On August 23, 2016, Plaintiff was admitted to ASP in the Huachuca Unit. In January 2018, Plaintiff began suffering serious digestive and intestinal problems, for which he requested medical examination and treatment from Doe Defendants several times a day. Prison medical officials, John and Jane Does, told Plaintiff he was in perfect health

---

[1] Elsewhere in the Complaint, Plaintiff refers to Jane Does I-X. (Doc. 1 ¶ 19.)

and they had no record of any treatment scheduled; Plaintiff alleges they declined to allow him to be treated.  On May 17, 2018, Plaintiff was taken to the hospital and was diagnosed with stage 3 rectal carcinoma.  Plaintiff received neoadjuvant therapy and pelvic radiation from Defendant CRCA for his cancer.

After receiving significant cancer treatment, Defendant Dr. Makarawo scheduled Plaintiff for a cancer removal procedure on February 14, 2019, at the Abrazo Arrowhead Campus in Phoenix, which is owned by VHS.  Plaintiff alleges that VHS is responsible for all medical procedures performed there.  On February 14, 2019, Dr. Makarawo performed a robotic abdominoperineal resection.  According to Plaintiff, during the procedure, Dr. Makarawo negligently severed Plaintiff's right ureter.  The injury was not recognized until February 20, 2019.  On February 22, 2019, Plaintiff had a nephrostomy tube placed on his kidney to prevent leaking due to the severed ureter.  For several months, Plaintiff carried an exterior drainage bag.

During 2020, Plaintiff underwent multiple procedures to manage his nephrostomy tubes and repair his ureter.  Plaintiff suffered emotional distress as a result of the nephrostomy tube and maintenance related to it.  Plaintiff also suffered prolonged pain and disability in addition to undergoing multiple medical procedures to fix his ureter.  During 2019, despite Plaintiff's requests, John and Jane Doe Defendants failed or refused to take Plaintiff to monthly appointments to have his nephrostomy tube changed.  Plaintiff suffered urinary tract infections due to these failures and refusals.  Further, during 2019 and 2020, these Doe Defendants "routinely ignored Plaintiff's requests to access his doctors and to receive necessary medical treatment for his severed ureter and colon cancer."  (*Id.* ¶ 39.) Plaintiff indicates that he continues to receive treatment for his "terminal illness."  (*Id.* ¶ 40.)

In **Count I**, Plaintiff seeks relief against ADC, Shinn, and GEO.  Plaintiff alleges that GEO performs a traditional government function, namely, operating a prison.  He alleges that ADC and GEO had a policy or custom of ignoring or delaying responses to a prisoner's request for immediate medical treatment.  He alleges that ASP staff who worked

**TERMPSREF**

for ADC or GEO ignored or failed to promptly respond to Plaintiff when he requested immediate medical treatment for his colon cancer and severed ureter.

Plaintiff also alleges that ADC and GEO have a policy or custom of refusing to transport ASP prisoners to medical facilities when they need routine medical treatment and that they refused to transport him to medical facilities when he needed routine medical treatment for his severed ureter and cancer. He alleges that ADC and GEO needed to transport him to medical providers every month to ensure that his nephrostomy tube was changed. He alleges that he suffered urinary tract infections and extreme pain because ADC and GEO failed to take him to monthly appointments to change his nephrostomy tube.

Plaintiff alleges that ADC and GEO failed: (a) to properly train their respective employees (1) to ensure that Plaintiff was able to access necessary medical treatment, and (2) to promptly respond to a prisoner's request for immediate medical treatment; and (b) train ASP's medical staff to refer prisoners to other medical professionals when they were not competent to examine, diagnose, and treat medical issues. He alleges that their employees failed to have him transported to medical facilities for treatment of his severed ureter and cancer and failed to promptly respond to his requests for immediate medical treatment while he was suffering from cancer and a severed ureter. Plaintiff claims that ADC and GEO routinely ignored his requests to access his doctors and receive necessary medical treatment for his severed ureter and cancer. Plaintiff claims that ADC and GEO were deliberately indifferent to his serious medical needs through the policies and customs alleged above. Plaintiff alleges that ASP's prison policies are determined by Defendant Shinn and that Shinn is therefore liable for the alleged constitutional violations.

In **Count II**, Plaintiff alleges a claim of medical negligence against Dr. Makarawo, CRCA, and VHS. In **Count III**, Plaintiff alleges a medical negligence claim against CRCA. In **Count IV**, Plaintiff alleges a medical negligence claim against VHS.

**III.    Fictitiously Identified Defendants**

Plaintiff sues fictitiously identified Defendants John Does 1-X; Jane Does 1-V;

ABC corporations 1-X; XYZ Partnerships I-X; and ABC Limited Liability Companies I-X. As to the Doe Defendants, Plaintiff fails to separately allege how each Doe Defendant violated his constitutional rights. Plaintiff fails to allege any claims against the fictitiously identified entities. Therefore, the Court will dismiss the fictitiously identified Defendants without prejudice.

**IV.   ADC**

In Count I, Plaintiff alleges a claim against ADC under § 1983. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' within the meaning of § 1983." *Hale v. State of Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc). This limitation "also extends to 'arms of the State.'" *Id.* (citation omitted). Arizona has not consented to waiver of Eleventh Amendment immunity. Accordingly, ADC will be dismissed as a Defendant.

**V.   Claims for Which an Answer Will Be Required**

Plaintiff has sufficiently alleged facts to state a § 1983 claim against Defendants Shinn and GEO in Count I. Plaintiff also states a medical negligence claim against Makarawo, CRCA, and VHS in Counts II-IV. These Defendants will be required to respond to the Complaint.

**IT IS ORDERED:**

(1)   The fictitiously identified Defendants, John Does 1-X; Jane Does 1-V; ABC corporations 1-X; XYZ Partnerships I-X; and ABC Limited Liability Companies I-X, are **dismissed** without prejudice.

(2)   Defendant Arizona Department of Corrections, Rehabilitation is **dismissed** without prejudice.

(3)   If properly completed, the Clerk of Court must issue the proposed Summonses filed at Doc. 2.

(4)   Plaintiff must either serve each Defendant or seek a waiver of service for

each Defendant.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m).

(6) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(7) Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(8) This matter is **assigned to the standard track** pursuant to Rule 16.2(b)(3) of the Local Rules of Civil Procedure.

(9) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 22nd day of February, 2021.

James A. Teilborg
Senior United States District Judge

**TERMPSREF**